Farris, Circuit Judge, concurred with statement.

Steven **ALONZO;** et al., Plaintiffs–
Appellants,

v.

**COUNTY OF RIVERSIDE;** et
al., Defendants–Appellees.

No. 06–55172.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2007.

Filed Jan. 14, 2008.

Howard L. Rasch, Law Offices of Howard L. Rasch, La Quinta, CA, for Plaintiffs–Appellants.

Bruce E. Disenhouse, Esq., Kinkle Rodiger & Spriggs, Riverside, CA, for Defendants–Appellees.

Before: FARRIS and PAEZ, Circuit
Judges, and BLOCK,* District Judge.

MEMORANDUM **

The Alonzos appeal the denial of their motion for relief from judgment made pursuant to Federal Rule of Civil Procedure 60(b). The notice of appeal filed January 13, 2006 was timely as to the

---

\* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

December 19, 2005 order denying the Rule 60(b) motion (refusing to set aside and vacate dismissal and return the case to the civil active list), but untimely as to the October 6, 2005 order dismissing for failure to prosecute. *See* Fed. R. App. P. 4(a)(1)(A); *Whittaker v. Whittaker Corp.,* 639 F.2d 516, 520 (9th Cir.1981). We review the denial of a Rule 60(b) motion for abuse of discretion. *See Bateman v. United States Postal Serv.,* 231 F.3d 1220, 1223 (9th Cir.2000).

■ Our review satisfies us that the district court considered the relevant legal standards set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). *See also Bateman,* 231 F.3d at 1223–1224 (holding that the *Pioneer* factors apply to Rule 60(b)(1) motions). However, we conclude that the district court abused its discretion in applying those factors. The record fails to reflect either bad faith on the part of the Alonzos' counsel or prejudice to the County. *See Pioneer,* 507 U.S. at 395, 113 S.Ct. 1489 (listing as relevant factors whether there was "danger of prejudice to the [non-moving party]" and "whether the movant acted in good faith"). While we are sympathetic to the district court's desire to move its docket along, the record suggests that the delay in prosecuting the case was not the direct result of action by either party's counsel. We reverse and remand for the sole reason that the record fails to show anything other than "excusable neglect" on the part of counsel. *See id.* at 388, 391, 113 S.Ct. 1489.

**REVERSED AND REMANDED.**

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney

FARRIS J. Concurring.

I join the majority since the Ninth Circuit does not yet require consideration of the presence or absence of a meritorious claim or defense.